## J. T. Sullivan, &c. v. W. G. Simpson's Admr.

**Conversion—Moneys Deposited With Trustee.**

Where currency is placed in an envelope, and delivered to a party to keep, it is not a conversion, for that party to place several hundred dollars of his own money in same.

**Same—Indentification—Sufficiency—Proof.**

It is a sufficient identification of money placed in an envelope to keep, that certain money was found in said envelope, corresponding in amount. The onus was not on the claimants to establish that the notes found are the identical notes delivered. Those denying, must establish that they are not.

APPEAL FROM OWEN CIRCUIT COURT.

September 9, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:.

The evidence presented by this record leaves no doubt upon our minds that the package containing two thousand dollars, delivered to Simpson's Administrator by his widow, was the same package delivered to the deceased by the appellants a few days before his death.

Simpson held this money as the agent of appellants, and unless before his death he did some act or acts amounting to a conversion or unless its identity was lost by being mixed with the private funds of the deceased, it seems to us the administrator should be required to restore it to the rightful owners.

It is more than probable that Simpson after reaching home, placed in the package of money belonging to appellants six or seven hundred dollars of his own means. And it is clear that at least one thousand dollars of their money was appropriated to the payment of his individual debt to the bank in Louisville. To this extent he converted their money to his own use, and for said amount he became to them an ordinary debtor. The re-mainder of their money the two thousand dollars, in the envelope, was never converted unless the mere fact of placing with it a small amount of his own funds was of itself a conversion. We

are of opinion that Simpson did not intend that this act should have any such effect, and are not prepared to decide that the law will imply a conversion, where there is no satisfactory evidence that anything of the kind was intended. The identification of the money by appellants is we think sufficient. It was found in their envelope, and if it had ever been intermixed with the funds of Simpson, it was done without their knowledge or consent. The onus is not upon them to establish that the notes found are the identical notes delivered by them to Simpson.

Those who claim under Simpson or through him as his representatives or creditors must establish that they are not.

The judgment of the circuit court is reversed and the cause remanded with instructions to render judgment on the cross-petition in favor of appellants for two thousand dollars with interest, and that their claim be first paid out of the estate of the intestate.

*Drane, for appellant.*
*Blackwell, for appellee.*